IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

AYOUNNA McCLINTON, as Personal Representative of the ESTATE of DUANE STRONG

    Plaintiff,

v.

CITY OF TALLAHASSEE, as the Municipal Corporation, and CLAYTON FALLIS, in his individual capacity and DEREK HAWTHORNE, in his individual capacity,

    Defendants.

Case No. 4:15-CV-278

**COMPLAINT FOR DAMAGES**

Plaintiff sues the Defendants, alleging as follows:

**Introduction**

1. This is a federal civil rights action on behalf of Duane Strong, for wrongful actions resulting in Mr. Strong's death on May 29, 2014, by officers unreasonably using deadly force, thereby causing the death of Mr. Strong, and violating Mr. Strong's federal constitutional and state statutory and common law rights.

**Jurisdiction and Venue**

2. The Plaintiff's claims for relief are predicated upon 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges and immunities secured to the plaintiff by the Constitution and laws of the United States and by 42 U.S.C. § 1988.

3. This Court has original jurisdiction over this action and the parties pursuant to 42 U.S.C. §§ 1983 and 1988; the U.S. Constitution; the provisions in 28 U.S.C. §§ 1331, et. seq.;

and the ancillary jurisdiction of this Court is pursuant to 29 U.S.C. § 1367 for all state claims.

4. State law claims are brought under the provisions of Florida Statute § 768.16, <u>et. seq.</u>, of the Florida Wrongful Death Act and § 768.28, Florida Statutes. These claims arise from a common nucleus of operative facts with violation(s) of 42 U.S.C. § 1983.

5. Venue is appropriate in this Court under 28 U.S.C. § 1391(b)(1) because one or more Defendants are situated within this venue, and under 28 U.S.C. § 1391(b)(2) because all or a substantial part of the wrongful acts complained of occurred within this venue and within the Northern District of Florida.

6. Plaintiffs have duly complied with the notice requirements of § 768.28, Florida Statutes and the time to respond to the notice has expired without the claim having been honored.

7. All other conditions precedent to this lawsuit have been satisfied or waived.

**Parties**

8. AYOUNNA McCLINTON, the mother of DUANE STRONG, sues as Personal Representative of the ESTATE OF DUANE STRONG. She is a resident of Florida and a citizen of the United States. The deceased, Duane Strong, was a citizen and resident of Florida.

9. CLAYTON FALLIS was, at all times pertinent hereto, a Tallahassee Police Officer, a "person" under 42 U.S.C § 1983, acting within the course and scope of his employment. He is sued in his individual capacity.

10. DEREK HAWTHORNE, was at all times pertinent hereto, a Tallahassee Police Officer, a "person" under 42 U.S.C § 1983, acting within the course and scope of his employment. He is sued in his individual capacity.

11. THE CITY OF TALLAHASSEE, was at all times pertinent hereto, organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. At all times pertinent hereto, Defendant was the employer of Defendants HAWTHORNE and FALLIS.

12. All Defendants were acting under color of law within the course and scope of their employment at the time of Duane Strong's death.

## Common Allegations of Fact

13. About 3:00am on May 29, 2014, Duane Strong, a 18 year-old African-American male, was sitting in the driver seat of a parked vehicle in the parking lot of Cheeks Lounge located at 2394 West Tennessee Street in Tallahassee, Florida,

14. At that place and time, Mr. Strong was lawfully on the premises and not suspected of or know to be engaged in any inappropriate or illegal activity.

15. At about 3:07a.m., there was a dispatch over police radio of "Shots Fired" in the vicinity of Cheeks Lounge that was never identified as coming from any specific person or vehicle.

16. Law Enforcement arrived at Cheeks Lounge within minutes of the dispatch and observed no unusual activity in the parking lot.

17. Mr. Strong was parked in the southeast corner of the parking lot facing west.

18. When Officer David Keller neared Mr. Strong's vehicle, Mr. Strong started his engine and began to slowly leave the parking space.

19. Mr. Strong moved slowly, approximately 5-7mph, through the parking lot in order to exit the premises.

20. Despite the fact that on-scene officers indicated that business appeared normal, Sergeant David E. McCrainie ordered officers to seal and block the only entrance and exit to the parking lot.

21. At no point was Mr. Strong advised or aware that the officers had made a decision to seal the parking lot, and at no time did any officer ever give Mr. Strong an order or instruction to stop his vehicle.

22. As Mr. Strong was cautiously and lawfully exiting the parking lot, , Defendant FALLIS immediately and without justification started shooting at Mr. Strong.

23. Defendant FALLIS was approximately 30 to 40 feet away from Mr. Strong's vehicle when he fired the first shot, which landed in Mr. Strong's right headlight.

24. Mr. Strong began to make a right turn out of the parking traveling north and away from Defendant FALLIS.

25. The second shot was to the hood of the Mr. Strong's vehicle from an angle clearly showing Defendant FALLIS was to the left side of the vehicle and in no danger.

26. The third and fourth shots were to the driver's side window from approximately 10-15 feet away, coming from a direction slightly behind the vehicle.

27. Either the third or fourth shot landed directly in the back of Mr. Strong's person, moving through his lungs and into his chest cavity.

28. Additional officers on the scene, to include Defendant HAWTHORNE, joined Defendant FALLIS and senselessly started firing multiple shots in the direction of Mr. Strong's vehicle.

29. When Mr. Strong steered his vehicle out of the parking lot and onto White Drive, another Tallahassee Police Officer used his moving patrol car to strike Mr. Strong's vehicle.

30. Traveling north on White Drive, Mr. Strong lost consciousness and subsequently lost control of his vehicle, eventually colliding into the woods about ¼ mile from the parking lot.

31. Mr. Strong died at the scene.

### Count I
Civil Rights Violation Under 42 U.S.C. § 1983
Individual Capacity Excessive Force
Defendants Fallis and Hawthorne

32. Plaintiff re-alleges the Common Allegations of Fact stated above.

33. Plaintiff is entitled to relief against defendants Fallis and Hawthorne for the violation of plaintiff's Fourth and Fourteenth Amendment rights in that the officers unnecessarily used deadly force against Duane Strong acting jointly and each failed to intervene to prevent the violation though able.

34. The facts show the killing of Duane Strong by these officers acting jointly, without warning was unreasonable.

35. At the time of the incident, these officers had no reason to believe that Duane Strong was armed or dangerous.

36. Duane Strong made no violent movements towards these officers, or any other person that could be interpreted as threatening.

37. The officers did not have a reasonable fear of imminent bodily harm when they shot and killed Duane Strong.

38. The officers had no reasonable belief that any other person was in danger of imminent bodily harm from Duane Strong.

39. As a direct and proximate result of these officers' acts and omissions, Duane Strong was needlessly shot and killed, causing his parents and survivors to endure extreme mental pain and suffering and the loss of the support and services of their son, and causing his estate to incur expenses and obligations, to include medical and/or funeral expenses and the loss of prospective net accumulations.

40. The conduct of these defendants in their individual capacities, entitles plaintiff to punitive damages and penalties under 42 USC §1983.

41. Plaintiff is entitled to reasonable attorneys' fees and costs of litigation under 42 USC §1988.

WHEREFORE, plaintiff demands:

(a) Judgment for compensatory damages against Defendants Fallis and Hawthorne;

(b) Judgment for punitive damages against Defendants Fallis and Hawthorne;

(c) Judgment for attorneys' fees, together with the costs of this civil rights action;

(d) Judgment for pre-judgment interest on all economic losses and on attorney's fees for delay in payment;

(e) A trial by jury on all issues so triable; and

(f) Such other and further relief that this Court may deem just, proper, and appropriate.

### Count II
Civil Rights Violation Under 42 U.S.C. § 1983
Municipal Liability Excessive Force
Defendant City of Tallahassee

42. Plaintiff re-alleges the Common Allegations of Fact and Count I stated above.

6

43. Plaintiff is entitled to relief against Defendant City of Tallahassee under the Fourth and Fourteenth Amendments because it was deliberately indifferent to the risk of serious harm to persons in Duane Strong's situation, and reasonably drew that inference, and failed to act reasonably to abate the harm.

44. The city had a duty to adopt and implement rules and procedures to ensure that Tallahassee Police Department officers did not use unreasonable deadly force, and to screen, hire, supervise, train, discipline, and, if necessary, terminate officers who used excessive force, deliberately targeted and profiled establishments for harassment and closure, escalated the potential for excessive force and deadly force, and failed to intervene to protect others from constitutional abuses, though able.

45. At all material times, the city was deliberately indifferent to the risk that persons being seized by its police officers may be injured or killed without legal justification or warning, especially regarding the proper response to calls and incidents and the safe and reasonable procedure for stopping vehicles and when it is necessary and authorized to do so.

46. At all material times, the city was deliberately indifferent to the need for different policies and more or better training on responding to calls, stopping vehicles, and the use of force in order to avoid the unnecessary use of deadly force by officers when responding to a call.

47. At all material times, the city was deliberately indifferent to the fact that different policies or practices and more and better training were necessary to prevent the firing of weapons at a moving vehicle when responding to a call.

48. The city acted with indifference in causing the constitutional violation by officers Fallis and Hawthorne as follows:

a. It failed to adequately train its officers in the use of force and the use of firearm as a means of force, thereby creating an atmosphere of illegal and unconstitutional behavior with respect to the use of force, in deliberate indifference and reckless disregard to the health and welfare of persons seized by the officers;

b. It failed to train its officers with respect to unreasonable uses of force that posed a serious risk of personal injury including, but not limited to, the use of firearm against non-violent and non-threatening moving vehicles;

c. It failed to adequately monitor and evaluate the performance of its officers, including Defendants Fallis and Hawthorne, and including incidents of their use of force, in deliberate indifference and reckless disregard to conducting valid traffic stops of persons, including Duane Strong;

d. It failed to adequately monitor and evaluate its officers' use of firearms as a means of deadly force, in deliberate indifference and reckless disregard to conducting valid and legal stops of persons and vehicles being seized, and when necessary to do so;

e. It had a custom and practice of allowing officers to conduct illegal traffic stops, illegal searches and seizures, the targeting and profiling of local establishments for harassment and closure, the drawing weapons at non-violent persons, to use excessive, and unreasonable force without fear of discipline, thereby creating an atmosphere where such behavior is accepted;

49. The city's deliberate indifference made the abuses by Defendants Fallis and Hawthorne substantially certain to happen.

50. The city's deliberate indifference was a proximate cause of Duane Strong's death and all the damages plaintiffs sues upon.

51. As a direct and proximate result of the city's acts and omissions, and its customs, policies and practices, Duane Strong was needlessly shot and killed, causing his parents and survivors to endure extreme mental pain and suffering and the loss of the support and services of their son, and causing his estate to incur expenses and obligations, to include medical and/or funeral expenses and the loss of prospective net accumulations.

52. Plaintiff is entitled to reasonable attorneys' fees and costs of litigation under 42 USC §1988.

WHEREFORE, Plaintiff demands:

(a) Judgment for compensatory damages against Defendant City of Tallahassee;

(b) Judgment for attorneys' fees, together with the costs of this civil rights action;

(c) Judgment for pre-judgment interest on all economic losses and on attorney's fees for delay in payment;

(d) A trial by jury on all issues so triable; and

(e) Such other and further relief that this Court may deem just, proper, and appropriate.

### Count III
Civil Battery Wrongful Death Under State Law
Defendants Fallis and Hawthorne

53. Plaintiff re-alleges the Common Allegations of Fact stated above.

54. The conduct of Defendants Fallis and Hawthorne was intentional, willful, wanton and malicious.

55. The conduct of these offices constituted a harmful and/or offensive contact on the person and vehicle of Duane Strong beyond any privilege given to law enforcement officers.

56. At the time these officers assaulted Duane String's vehicle, there was no imminent threat of injury to them or others.

57. As a direct and proximate result of the offensive contact, Duane Strong was needlessly shot and killed, causing his parents and survivors to endure extreme mental pain and suffering and the loss of the support and services of their son, and causing his estate to incur expenses and obligations, to include medical and/or funeral expenses and the loss of prospective net accumulations.

58. The conduct of these Defendants in their individual capacities, entitles plaintiff to compensatory and punitive damages under Florida Wrongful Death Act, Sections 768.16, et seq.

WHEREFORE, plaintiff demands:

(a) Judgment for compensatory damages against Defendants Fallis and Hawthorne;

(b) Judgment for punitive damages against Defendants Fallis and Hawthorne;

(c) Judgment for pre-judgment interest on all economic losses and on attorney's fees for delay in payment;

(d) A trial by jury on all issues so triable; and

(e) Such other and further relief that this Court may deem just, proper, and appropriate.

### Count IV
Civil Battery Wrongful Death Under State Law
Defendant City of Tallahassee

59. Plaintiff re-alleges the Common Allegations of Fact and Count III stated above.

60. In the alternative to the allegations in Count III above, the conduct of Defendants Fallis and Hawthorne was intentional, but was not willful, wanton or malicious.

61. The acts of defendants Fallis and Hawthorne were committed within the course and scope of their employment as police officers of defendant City of Tallahassee.

62. The conduct of these offices constituted a harmful and/or offensive contact on the person and vehicle of Duane Strong beyond any privilege given to law enforcement officers.

63. At the time these officers assaulted Duane String's vehicle, there was no imminent threat of injury to them or others.

64. As a direct and proximate result of the offensive contact, Duane Strong was needlessly shot and killed, causing his parents and survivors to endure extreme mental pain and suffering and the loss of the support and services of their son, and causing his estate to incur expenses and obligations, to include medical and/or funeral expenses and the loss of prospective net accumulations.

65. Defendant City of Tallahassee is responsible for the battery committed by defendants Fallis and Hawthorne, in that the civil battery was intentional, but not malicious, and was committed within the course and scope of defendants Fallis and Hawthorne's employment with defendant City of Tallahassee, such that the doctrine of *respondeat superior* applies to this action.

66. The conduct of these Defendants entitles Plaintiff to compensatory damages under Florida Wrongful Death Act, Sections 768.16, et seq.

11

WHEREFORE, plaintiff demands:

(a) Judgment for compensatory damages against Defendants Fallis and Hawthorne;

(b) Judgment for pre-judgment interest on all economic losses and on attorney's fees for delay in payment;

(c) A trial by jury on all issues so triable; and

(d) Such other and further relief that this Court may deem just, proper, and appropriate.

Respectfully submitted,

**AKBAR LAW FIRM, PA**

s/ Mutaqee N. Akbar
Mutaqee N. Akbar, Esquire
Florida Bar No.: 0819581
m.akbar@akbarlawfirm.com
s/ Brandi J. Thomas
Brandi J. Thomas, Esquire
Florida Bar No.:050885
brandi@akbarlawfirm.com

P.O. Box 10143
Tallahassee, Florida 32302
Attorney(s) for Plaintiff
pleadings@akbarlawfirm.com
Telephone: 850-383-0000
Facsimile: 850-561-6900

**FRIEDMAN, FRANK & ABRAHAMSEN**

s/ David M. Frank
David M. Frank, Esquire
Florida Bar No.: 997854
davidfrank65@gmail.com
524 E. College Ave.
Tallahassee, FL 32301
Attorney(s) for Plaintiff
Telephone: 850-224-4357
Facsimile: 850-201-6972

**LAW OFFICE OF JAMES COOK**

s/ James V. Cook
James V. Cook, Esquire
Florida Bar No.: 0966843
cookjv@nettally.com
314 West Jefferson Street
Tallahassee FL 32301
Attorney(s) for Plaintiff
Telephone: 850-222-8080
Facsimile: 850-561-0836

CERTIFICATE OF SERVICE

**WE CERTIFY** the foregoing was filed electronically on May 29, 2015 and that the person(s) noted below is registered to be notified by the CM/ECF electronic mail system for service of all pleadings:

Lewis E. Shelley
City Attorney's Office
300 S. Adams St. #A5
Tallahassee, FL 32301
Lewis.Shelley@talgov.com