## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**AYOUNNA McCLINTON, as Personal**
**Representative of the ESTATE of DUANE STRONG**

      **Plaintiff,**

                                             **CASE NO. 4:15-CV-278**

**v.**

**CITY OF TALLAHASSEE, as Municipal Corporation,**
**and CLAYTON FALLIS, in his individual capacity and**
**DEREK HAWTHORNE, in his individual capacity,**

      **Defendants.**

_____/

## REPORT OF PARTIES' PLANNING MEETING (FORM 52) AND
## ADDITIONAL MATTERS REQUIRED BY INITIAL SCHEDULING ORDER

      In accordance with the Initial Scheduling Order of the Court, the parties provide the following information:

      1.      Pursuant to Fed.R.Civ.P. 26(f), the parties conferred electronically and also via a telephone conference on July 23, 2015 through the following counsel

            Mutaqee Akbar and Brandi Thomas, Counsel for Plaintiff
            J. Steven Carter, and Miriam R. Coles, Counsel for Defendants

      2.      **Pre-Discovery Disclosures**.  The parties will exchange the information required by Fed.R.Civ.P. 26(a)(1)(A)-(C) on or before **September 4, 2015**.

      3.      **Discovery Plan**.  The parties jointly propose to the Court the following discovery plan:

            a.      Discovery will be needed on the following subjects: All matters covered in section 5(c) below.

            b.      All discovery commenced in time to be completed by **February 29, 2016.**

c.      Interrogatories, requests for admissions and requests for production are to be governed by the applicable Federal Rules of Civil Procedure and Local Rules of this Court.

d.      **Parties' Position:**  The time limits for depositions will be limited as set forth in Federal Rules of Civil Procedure 30 and the Local Rules of this Court.

e.      Reports from retained experts under Rule 26(a)(2) are due from:

Plaintiff by                    **December 30, 2015**.

Defendant by               **January 29, 2015**.

f.      Each party is likely to request or produce information from electronic or computer-based media limited to data reasonably available to the parties in the ordinary course of business.  If production is necessary, data will be produced by CD or paper copy.  Reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise.  Disclosure or production of electronically stored information (ESI) will be limited to active data reasonably available to the parties in the ordinary course of business. The parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable.  Should either party inadvertently produce privileged information, the parties recognize that the law regarding inadvertent disclosure applies and that any privileged information shall immediately be returned to producing party.  At the present time, Defendants are not aware of the cost of producing electronic discovery to Plaintiff and is unable to accurately gauge whether a large amount of such electronic discovery will be necessary.  Past experience in representing governmental agencies, however, leads counsel to believe that if such

discovery is requested, the response may be voluminous (due to the size of the agency and the number of potential witnesses), very time consuming and costly.  If the production cost is excessive, the parties shall agree to the allocation of the costs or shall seek guidance from the Court.  If, due to technological or labor limitations, it appears that responding to an electronic discovery request from Plaintiff will take Defendants a significant amount of time, Defendants may inform the Court of same and seek an appropriate extension of the response time.  Parties also stipulate to serving documents by e-mail.

g.      Supplements are due within a reasonable time after discovering the need to supplement in accordance with Rule 26(e).

4.      **Other Items**.

a.      The parties have conferred on the matter of magistrate jurisdiction.

b.      The parties do not request a conference with the Court before entry of the Scheduling Order.

c.      The parties request a Pretrial Conference on or after **April 30, 2016**, which is approximately 2 months after the proposed discovery cut-off, which provides sufficient time to brief and adjudicate any dispositive motions that are filed.

d.      Plaintiff should be allowed until **November 1, 2015**, to join additional parties and to amend the pleadings.  Defendants shall have until **November 15, 2015** (15 days thereafter) to join additional parties and to amend the pleadings.

e.      All potentially dispositive motions should be filed by **March 21, 2016**, twenty (21) days after the close of discovery on February 29, 2016.

f.      The likelihood of settlement is unknown at this time.

g.      Settlement may be enhanced by the use of the following alternative dispute resolution procedures: Mediation may be attempted by the parties after the substantial completion of discovery.

h.      Final lists of witnesses, designations and exhibits under Rule 26(a)(3) should be due in accordance with the trial scheduling order from this Court.

i.      Parties should have one week after service of final list of witnesses and exhibits to list objections under Rule 26(a)(3).

j.      The case should be ready for trial on or after **June 15, 2016**, and at this time it is expected to take approximately five days.  The parties believe that a trial date on or after June 15, 2016 (roughly 13 months from the date of the Complaint being filed), is justified by both the extensive discovery which will be necessary in this case and the active trial calendars of counsel for both parties.

k.      In the event that confidential documents or information are produced during discovery, the parties will enter into a stipulated protective order so that privacy and confidential interest are adequately protected.

5.      **Nature and Basis of Claims and Defenses**.

(a)     **Plaintiff**:

Plaintiff alleges that defendants violated Plaintiff's and decedent's rights pursuant to 42 U.S.C. § 1983 by using excessive and unnecessary force which caused the death of Duane Strong.

(b)     **Defendant:**

4

Defendants deny Plaintiff's allegations and allege that they have acted, at all times material, in accordance with applicable law, and that their application of force was reasonable and justified given the totality of the circumstances. Defendants assert that no constitutional violation occurred and/or that qualified immunity should apply. Plaintiff is not entitled to the relief sought in the complaint.

**(c)** **The principal factual and legal issues in dispute are:**

(1)     Whether Defendants used excessive force under federal law, and/or caused decedent's wrongful death under state law.

(2)     Whether COT was deliberately indifferent to the violation of the Fourth Amendment rights of the Plaintiff's decedent.

(3)     Whether Defendants violated the Fourth Amendment in its use of force against Plaintiff.

(4)     Whether Defendant's actions and inactions involving Plaintiff were constitutional and/or where objectively and subjectively reasonable given the totality of the circumstances.

(5)     Whether Defendants are entitled to qualified immunity.

(6)     Whether some or all of the acts by Defendants are discretionary functions under state law.

(7)     All other issues raised in Plaintiff's Complaint and Defendant's Answer and Affirmative Defenses.

6.     The parties respectfully request that these timetables and cutoff dates be approved.

Dated this <u>4th</u> day of August 2015.

_s/ Mutaqee Akbar_ _____
Mutaqee Akbar
m.akbar@akbarlawfirm.com
Brandi Thomas, Esq.
brandi@akbarlawfirm.com
AKBAR LAW FIRM, P.A.
P.O. Box 10143
Tallahassee, FL 32302
Direct | 850.383.0000
Facsimile | 850.561.6900

David M. Frank
Friedman, Frank & Abrahamsen
524 East College Avenue
Tallahassee, Florida 32301
850-224-4357  Telephone
850-201-6972  Fax

James V. Cook, Esquire
LAW OFFICE OF JAMES COOK
Florida Bar No.: 0966843
314 West Jefferson Street
Tallahassee FL 32301
Attorney(s) for Plaintiff
Telephone: 850-222-8080
Facsimile: 850-561-0836
cookjv@nettally.com

ATTORNEYS FOR PLAINTIFF

_s/J. Steven Carter_ _____
J. Steven Carter, FBN 896152
scarter@henryblaw.com
Miriam R. Coles, FBN 58402
mcoles@henryblaw.com
HENRY BUCHANAN, P. A.
Post Office Box 14079
Tallahassee, Florida 32317-4079
Telephone: (850) 222-2920
Facsimile:  (850) 224-0034

ATTORNEYS FOR DEFENDANTS