IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

AYOUNNA McCLINTON, as Personal
Representative of the ESTATE of DUANE STRONG,

      Plaintiff,

v.                                    CASE NO. 4:15cv278-RH/CAS

CITY OF TALLAHASSEE, etc., et al.,

      Defendants.

_____/

## SCHEDULING AND MEDIATION ORDER

This order is entered upon consideration of the parties' Federal Rule of Civil Procedure 26(f) report. The attorneys should note paragraphs 8 and 9, which depart from the Local Rules.

The parties have requested a substantial extension of the discovery deadline and delay of the trial. The 26(f) report will be approved, except as otherwise provided in this order, but the attorneys must consult with their clients and file a notice under paragraph 1 below. If they fail to do so, a revised scheduling order will be entered.

IT IS ORDERED:

1. By September 11, 2015, an attorney for each party must advise the party that had there been no request for a delay, the case would have been tried during the trial period that begins on January 4, 2016. The attorney also must consult with the party about the advantages and disadvantages of delay, including any likely additional expense to the party. By September 18, 2015, an attorney for each party must file a notice stating either (a) that the attorney has complied with this paragraph and that the party adheres to the request that the case go forward under the delayed schedule established by this order, or (b) that the party no longer wishes to have the case proceed on the delayed schedule established by this order.

2. The trial is set for the two-week trial period that begins on Monday, June 20, 2016. A party with a conflict during that trial period must file a notice by September 11, 2015.

3. The discovery deadline is extended to February 29, 2016.

4. The 26(f) report, ECF No. 18, will control the matters it addresses, except when it conflicts with this order. On matters not addressed in this order or the 26(f) report, the Initial Scheduling Order remains in effect.

5. A pleading may be amended only on a motion that is filed by the deadline set out in the 26(f) report or a motion showing good cause for not filing the motion by that date. And if the Federal Rules of Civil Procedure require leave of court, a pleading may be amended only with leave of court.

6. Rule 26 disclosures must be supplemented within a reasonable time after learning information calling for supplementation and in time to ensure the opposing party is not prejudiced by any failure to supplement immediately after the information was or with diligence should have been discovered.

7. The deadline for filing summary-judgment motions is 21 days after the discovery deadline, but *they should be filed at the earliest appropriate time. It is rarely necessary that such motions await the completion of all discovery.*

8. Local Rule 56.1, which addresses summary-judgment procedures, will not apply in this case. The following procedures will apply instead:

(a) A party who moves for summary judgment must file at the same time a memorandum of up to 25 pages and any supporting evidence not already in the record. The memorandum must include a statement of facts generally in the form that would be appropriate in an appellate brief—not a statement of undisputed facts in the form specified in Local Rule 56.1. A statement of facts must not be set out in a separate document.

(b) An opposing party must file within 21 days—without a three-day extension based on the manner in which the motion is served—a memorandum of up to 25 pages and any opposing evidence not already in the record. The opposing party must not file a separate document responding to the moving party's statement of facts.

(c) The moving party may file a reply memorandum of up to 10 pages. The deadline for a reply memorandum is the earlier of (a) seven days after the opposing memorandum is filed—without a three-day extension based on the manner in which the opposing memorandum is served—or (b) two days before the pretrial conference.

(d) *Each memorandum must include pinpoint citations to the record evidence supporting each factual assertion.*

(e) The page limit for a memorandum may be increased by an agreement of the parties or on a motion showing good cause, but the parties should take note: a longer memorandum is usually less persuasive, not more.

(f) A motion may be resolved against a party without a hearing at any time after the party has had an opportunity to file a memorandum and materials under this paragraph. If a motion has not been resolved and a party has filed a separate request for a hearing, the clerk must set a hearing. The hearing must be set for an available date at least two days after the due date for the reply memorandum. The hearing will be conducted by telephone if, at least two days before the hearing, a party so requests. The hearing may be combined with the pretrial conference if doing so will not delay the hearing by more than two weeks.

9. If attorney's fees are awarded, the lodestar will be determined based only on hours for which contemporaneous time records—in the form required by

Local Rule 54.1—were made and retained. But the records must not be filed with the clerk until necessary in connection with a motion to award fees; the Local Rule 54.1 requirement to file the records with the clerk each month will not apply in this case. An attorney must disclose to another party on request the total number of hours devoted to the case for any month by attorneys and other time keepers.

      10. Deadlines will be determined based on this order (including the 26(f) report to the extent made applicable by this order), other applicable orders, and the governing rules. Docket entries made by the clerk of the court are for the clerk's internal use and are not controlling.

      11. By a separate Order for Pretrial Conference to be issued later, a deadline will be set for an attorney conference leading to the filing of a pretrial stipulation and related papers. The deadline for the attorney conference (as established by the Order for Pretrial Conference) also will be the deadline for disclosures under Federal Rule of Civil Procedure 26(a)(3). The deadline for objections under Federal Rule of Civil Procedure 26(a)(3) is seven days later.

      12. Any motion in limine or other pretrial motion must be served sufficiently in advance of the pretrial conference to allow consideration of the motion at or prior to the pretrial conference.

      13. The attorneys' attention is directed to the American College of Trial Lawyers' *Code of Pretrial and Trial Conduct*, which sets out standards of

professionalism and is available on the court's website and at

http://www.actl.com/publications/index.htm.

14.  Unless the requirement to mediate is abrogated based on a motion showing good cause, the parties must mediate this case in accordance with the Rules for Certified and Court-Appointed Mediators adopted by the Florida Supreme Court and the following additional procedures:

(a) The parties may select a mediator by agreement.  If the parties have not agreed by 28 days before the discovery deadline, the plaintiff must immediately file a notice so indicating, and I will appoint a mediator.

(b) Unless otherwise agreed, the fee of the mediator must be paid equally by the parties.  The fee must be paid in the manner determined by the mediator.

(c) The deadline to mediate is 14 days after the discovery deadline. Mediation may continue after that date if the mediator determines, after substantial mediation proceedings, that further mediation is warranted.  The mediator or a party must file a report within 14 days after mediation ends indicating when mediation was conducted and the outcome (that is, whether the case was settled or impasse was declared).  If the case is settled in full, notice to the court must be immediate.  If the case is settled in full, notice to the court must be immediate.

(d) Each party and an attorney for each represented party must attend the mediation.  In addition, for any insured party, an adjuster must attend, unless each adverse party and the mediator agree that the adjuster need not attend.

(e) Everything said during mediation—other than the terms of any settlement agreement itself—is confidential and inadmissible as a settlement negotiation.

(f) An attorney for each party must, within 14 days after the date of this order, consult with the party about the advantages (including savings of costs and attorney's fees) and disadvantages of proceeding with mediation immediately rather than awaiting the deadlines set in this order.  On a party's motion, the court will consider ordering that mediation commence immediately or at a time earlier than required by this order.

SO ORDERED on August 22, 2015.

> s/Robert L. Hinkle
> United States District Judge

Case No.   4:15cv278-RH/CAS